[Sac. No. 516.   Department One.—June 23, 1896.

ALFRED DAVIS, Appellant, v. C. A. POST, Auditor, Respondent.

COMPENSATION OF SUPERVISORS AS ROAD COMMISSIONERS—REPEAL OF
   CODE PROVISION—COUNTY GOVERNMENT ACT—CONSTITUTIONAL-
   ITY—MANDAMUS.—Section 2641 of the Political Code, regulating
   the compensation of supervisors as *ex officio* road commissioners,
   as amended March 9, 1893, was repealed by those provisions of
   the County Government Act, passed March 24, 1893, which were
   inconsistent therewith, and to which there is no valid constitu-
   tional objection; and mandamus will not lie to compel the issu-
   ance of a warrant based upon that section of the Political Code,
   regardless of whether such compensation is now governed by
   section 195 of the County Government Act of 1893, or by sec-
   tion 191 of the County Government Act of 1897, to which consti-
   tutional objections are urged, which are not passed upon.

APPEAL from a judgment of the Superior Court of Stanis-
laus County.   William O. Minor, Judge.

The facts are stated in the opinion of the court.

   T. J. Hazen, for Appellant.

Subdivision 15 of section 191 of the County Government Act
of 1897 is invalid, because not constitutionally passed, as shown
by the journals of the senate and assembly, which may be con-
sulted by the court.   (*Oakland Paving Co. v. Hilton*, 69 Cal.
500; 513; *Gardner v. Collector*, 6 Wall. 511; *County of San
Mateo v. Southern Pac. R. R. Co.*, 13 Fed. Rep. 766; *South
Ottawa v. Perkins*, 94 U. S. 260; *Post v. Supervisors*, 105 U. S.
667.)   The County Government Act of 1897, and that of 1893,
as respects the compensation of supervisors as road commis-
sioners, are both unconstitutional and void, as being local and
special legislation, providing rules for different counties, in an
arbitrary and capricious manner, and taking effect at different
times in different counties.   (*Miller v. Kister*, 68 Cal. 142;
*Darcy v. San Jose*, 104 Cal. 642; *Denman v. Broderick*, 111 Cal.
96; *People v. Johnson*, 95 Cal. 471; *State v. Boice*, 140 Ind.
506.)   Section 2641 of the Political Code has not been re-
pealed, and governs this case.

L. W. Fulkerth, for Respondent.

The journals of the legislature, if consulted, will show that subdivision 15 of section 191 of the County Government Act of 1897 was constitutionally enacted. Neither section 191 of that act nor section 195 of 'the County Government Act of 1893 is local or special. The counties were properly classified for the regulation of the compensation of officers in the different classes. (*Longan v. Solano County,* 65 Cal. 122; *Hale v. McGettigan,* 114 Cal. 112.) Section 2641 of the Political Code is not in force, and cannot be the basis of a *mandamus* to the auditor.

GAROUTTE, J.—The opinion of the trial court in this case is clear, concise, and conclusive upon all the questions involved in this appeal, save a single one, and that question is now raised for the first tme. The opinion is as follows:

"This is an application for a writ of mandate to compel the defendant, the county auditor, to draw his warrant in favor of the plaintiff for the sum of thirty-four dollars and twenty cents claimed by plaintiff to be due him for mileage as road commissioner, for the month of April, 1897. On the argument the contention of the plaintiff was that he was entitled to receive for his services as road commissioner twenty cents a mile, not exceeding in any year three hundred dollars, as provided by section 2641 of the Political Code, as amended in 1893; while defendant claimed that plaintiff is entitled to receive only his actual expenses while supervising the roads of his district, not exceeding ten dollars in any one month, as provided by subdivision 15 of section 191 of the county government law of 1897. The county government law of 1897 being the latest enactment on the subject, must control, if it be a valid law. But plaintiff contends that section 191 was never passed by the two houses of the legislature, that the court can examine the journals of the houses to see if the section was duly passed; and further, that if duly passed the law of 1897 is in contravention of the constitution. On none of these propositions do I express an opinion, because it may be conceded that no law was passed on the subject in 1897, and still I do not think plaintiff is entitled to the writ. Section 2641 of the Political Code was

amended March 9, 1893, and the amendment took effect immediately. The county government law of 1893 was passed March 24, 1893, and took effect in January, 1895. That portion of the act of 1893 relating to this county declares that supervisors shall receive a salary of six hundred dollars a year and mileage in going to the place of meeting of the board, and. makes no provision for any compensation for their services as *ex officio* road commissioners. By the act of 1893 the salary of supervisors, as such, is fixed at a certain sum and an additional amount allowed them as road commissioners in a number of counties, and these additional amounts are different from the compensation fixed in the section of the Political Code, and the reasonable construction of the act is that where the intention was to pay them anything for their services as *ex officio* road commissioners such intention found expression in the act itself. Indeed, section 216 provides that 'the salaries and fees provided for in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided.' And section 236 declares that 'all acts and parts of acts inconsistent with this act are hereby repealed.'

"The supervisors are *ex officio* road commissioners. This act of 1893 provides for the payment of the road commissioners in some counties of a *per diem*, in others of mileage, and in others, of which this county is one, simply for the salary of the supervisor, with the general provision that the salary provided for is to be in full for all services rendered by the officers named in the act either as officers or *ex officio* officers. The section of the Political Code provides for the payment of all road commissioners at the rate of twenty cents a mile. The laws are clearly inconsistent in this matter, and the act of 1893 being the latest will prevail. I do not say that the county government law of 1893 is now the law; but only that if the law of 1897 was not really passed by the legislature, then the law of 1893 will prevail over the section of the Political Code, because the latest expression of the legislative will."

It is now insisted that the County Government Act of 1893 is unconstitutional, and therefore the aforesaid section of the

Political Code was not repealed by that act. We find no constitutional objection to section 195 of the County Government Act of 1893. The objections made by appellant to subdivision 15 of section 191 of the act of 1897, even conceding them to be sound in law, cannot be taken to the act of 1893, as there are no such provisions in that act.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.